UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 05-251 (TFH) |
| v. | : | |
| THERESA STEWART, | : | <u>UNDER SEAL</u> |
| Defendant. | : | |

**GOVERNMENT'S MOTION FOR DEPARTURE FROM**
**GUIDELINE SENTENCE AND MANDATORY MINIMUM SENTENCE**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court to find that the defendant, Theresa Stewart, is entitled to the benefits of a sentencing departure as provided by Title 18, United States Code, § 3553(e) and § 5K1.1 of the United States Sentencing Guidelines. These provisions authorize the Court, upon motion of the government, to impose a sentence below the minimum which would otherwise be required by statute and the sentencing guidelines. The United States submits this motion based on the substantial assistance which the defendant has rendered in the investigation and prosecution of other persons.

On July 1, 2005, the defendant pled guilty to Conspiracy to Distribute and Possess with Intent to Distribute Cocaine Base, also known as crack cocaine, pursuant to a cooperation plea agreement. Ms. Stewart was the first defendant in this charged conspiracy to come in and speak with the Government. She helped the Government confirm the relevant conduct that was applicable to the members of this conspiracy and was truthful about her own drug dealing activities. Ms. Stewart was the third defendant to plead guilty and deserves credit for her early plea. The defendant's cooperation included providing historical information regarding the charged narcotics conspiracy, including information about the other defendants charged in the indictment. The defendant was

prepared to testify against her co-defendants, however, they have all pled guilty and her testimony is now unnecessary. The Government had agreed to Ms. Stewart's release because it hoped to use her assistance on the street to continue its investigation. Although she checked in with the agents, she often did so late in the evening and her failure to help the agents initiate investigations against other individuals was very frustrating for her supervising agents.

Section 5K1.1 of the Sentencing Guidelines lists certain factors that are to be considered in determining the appropriate reduction to be made when the Government files motions such as this one. With respect to these factors, the Government submits that the defendant's assistance was both significant and useful. The Government does not have reason to believe that the information provided by the defendant was not truthful, complete or reliable. The nature and extent of the defendant's assistance is set forth in the previous paragraph. The defendant did not suffer any injuries during the course of her cooperation. The Government is unaware of any risk of injury to the defendant or her family as a result of her assistance. The information provided by the defendant was also timely.

WHEREFORE, the Government respectfully requests that the Court impose a sentence substantially below the applicable Sentencing Guideline range and below any applicable statutory mandatory minimum. The Government recommends a sentence of 48 months.

Respectfully submitted,

JEFFREY A. TAYLOR, Bar No. 498-610
United States Attorney

_____
ARVIND K. LAL, Bar Number 389489
Assistant United States Attorney
Organized Crime and Narcotics Trafficking Section
555 4th Street, N.W., Room 4217
Washington, DC 20530
(202) 353-8833

CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing Departure Motion has been served on counsel for the defendant, Joanne Hepworth, by fax, this 19th day of July, 2007.

_____
ARVIND K. LAL